IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATSU CARTER,<br><br>      Petitioner,<br><br>  vs.<br><br>PAUL CHAPPIUS,[1] Superintendent,<br>Elmira Correctional Facility,<br><br>      Respondent. | No. 9:12-cv-00171-JKS<br><br>MEMORANDUM DECISION |

    Natsu Carter, a New York state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Carter is currently in the custody of the New York State Department of Corrections and Community Supervision and is incarcerated at Elmira Correctional Facility. Respondent has answered. Carter has not replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

    On May 16, 2002, John Turner was severely beaten outside a bar. The attack left him in a coma for two weeks and caused him permanent damage. On May 30, 2002, a Cayuga County Grand Jury charged Carter with Assault in the First Degree for seriously injuring Turner while committing or attempting to commit a felony, Assault in the First Degree for acting under circumstances "evincing a depraved indifference to human life," Robbery in the First Degree, and Assault in the Second Degree for intending to cause serious injury to Turner. A jury found Carter guilty of first-degree "depraved indifference" assault and second-degree assault. He was

---

  [1]  Paul Chappius, Superintendent, Elmira Correctional Facility, is substituted for the Superintendent of Five Points Correctional Facility. FED. R. CIV. P. 25(c).

sentenced to concurrent determinate terms of 25 years to life for first-degree assault and seven years for second-degree assault.

Through counsel, Carter directly appealed, raising the following claims: 1) the trial court erred in not charging the jury with the counts of first-degree depraved indifference assault and second-degree intentional assault in the alternative; 2) the verdict was repugnant; 3) the Appellate Division should review, "as a matter of discretion in the interest of justice," Carter's unpreserved claims that the jury charge was defective and that the verdict was repugnant; 4) the evidence was not legally sufficient to support the depraved indifference assault conviction; 5) trial counsel was ineffective for failing to object that the jury charge was inconsistent and that the verdict was repugnant; and 6) the sentence was harsh and excessive.

On September 30, 2005, the Appellate Division affirmed the judgment of conviction. The court concluded that Carter had failed to preserve for review his contention that the jury instructions were inconsistent, and further declined to exercise discretionary review of the claim. The court additionally concluded that Carter failed to preserve for review his argument that the verdict was repugnant, but that in any event the claim was without merit because Carter could have intended to cause Turner serious injury while recklessly creating a grave risk that he could cause Turner's death. The court further concluded that Carter could not prevail on his ineffective assistance of counsel claim because he failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's failure to object to the charge and verdict. The court likewise held that Carter's general motion to dismiss at the close of the People's case failed to preserve his argument that the conviction was not supported by sufficient evidence and that his contention was not properly before the court because he failed to renew his motion after

the close of his proof. However, the court alternatively held that his claim lacked merit because a single beating under the circumstances of the case was sufficient to establish that his conduct evinced a depraved indifference to human life. Finally, the court held that Carter's sentence was not unduly harsh or severe.

Carter filed a counseled application for leave to appeal to the Court of Appeals. He attached copies of the briefs submitted to the Appellate Division, and specifically referenced his claim that the counts of first-degree depraved indifference assault and second-degree intentional assault were inconsistent and the verdict was repugnant. On March 27, 2006, the Court of Appeals granted leave to appeal.

In his counseled brief to the Court of Appeal, Carter raised the following claims: 1) the evidence was legally insufficient to support the depraved indifference assault conviction; 2) his general trial order of dismissal preserved his claim that the trial court erred by failing to charge the jury with first-degree depraved indifference assault and second-degree assault in the alternative, and alternatively, the failure to preserve the argument was not fatal to raising the claim on appeal; 3) the trial court erred in not charging the jury with the counts of first-degree depraved indifference assault and second-degree intentional assault in the alternative; and 4) trial counsel was ineffective for failing to object to the jury charge or to the repugnancy of the verdict.

The Court of Appeals affirmed in a reasoned, published opinion. The court concluded that Carter had failed to preserve his arguments by not objecting at trial, and rejected his contentions that preservation was not necessary and that trial counsel was ineffective for failing to object to the jury instructions and alleged repugnancy of the verdict. The court further held

that Carter had failed to preserve his argument that the evidence was insufficient to sustain his conviction for first-degree depraved indifference assault.

## II. ISSUES RAISED

Carter's Petition before this Court incorporates by reference all claims raised in his petition for appeal to the Appellate Division, namely—1) the trial court erred in not charging the jury with the counts of first-degree depraved indifference assault and second-degree intentional assault in the alternative; 2) the verdict was repugnant; 3) the Appellate Division should review, "as a matter of discretion in the interest of justice" Carter's unpreserved claims that the jury charge was defective and that the verdict was repugnant; 4) the evidence was not legally sufficient to support the depraved indifference assault conviction; 5) trial counsel was ineffective for failing to object that the jury charge was inconsistent and that the verdict was repugnant; and 6) the sentence was harsh and excessive. In addition, Carter acknowledged that he did not timely file his Petition, but argues that his Petition is not barred by the one-year statute of limitations due to his "mental illness."

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the

state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision," *Williams*, 529 U.S. at 412, and not circuit precedent, *see Renico v. Lett*, 130 S. Ct. 1855, 1865-66 (2010). The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds and not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted). In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Carter did not file a traverse. 28 U.S.C. § 2248 provides:

The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, the court must accept

Respondent's allegations. *See Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where there is no traverse filed and no evidence offered to contradict the allegations of the return, they must be accepted as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66 (2d Cir. 1952) (per curiam).

IV. DISCUSSION

Carter is not entitled to relief because most of his claims are unexhausted and procedurally defaulted, and/or procedurally barred. In any event, all of his claims are demonstrably without merit and, as Respondent correctly notes, Carter's Petition was not timely.

A. *Exhaustion*

Respondent correctly contends that a number of Carter's claims are unexhausted. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

Carter exhausted his ineffective assistance of counsel claim. He raised this claim in both his Appellate Division and Court of Appeals briefs, citing the Sixth Amendment along with New York cases which in turn cited *Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth the

federal standard for ineffective assistance of counsel claims).  Respondent concedes that although Carter presented his legal insufficiency claim on state-law grounds in both his Appellate Division and Court of Appeals briefs, it may be deemed exhausted because the claim "is within the mainstream of federal constitutional litigation." *See Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir. 1982).

However, Carter has failed to exhaust his claims that the trial court improperly charged the jury, that the verdict was repugnant, and that the sentence was harsh and excessive.  Carter presented his jury charge claim to the Appellate Division and Court of Appeals solely on state-law grounds.  He presented his repugnancy and excessive sentence claims to the Appellate Division on state-law grounds, and failed to present these claims to the Court of Appeals.  These claims are procedurally barred.  Because Carter's claims are based on the record, they could have been raised in his direct appeal on federal grounds but were not; consequently, Carter cannot bring a motion to vacate as to these claims.  CPL § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when[,] [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal . . . .").  Moreover, Carter cannot now raise these claims on direct appeal because he has already filed the direct appeal and leave application to which he is entitled.  *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991).

"[W]hen a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement

would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008); *see also Grey*, 933 F.2d at 121. A habeas petitioner may only avoid dismissal of his procedurally defaulted claims if he can demonstrate "cause for the default and prejudice from the asserted error," *House v. Bell*, 547 U.S. 518, 536 (2006), or a "fundamental miscarriage of justice," *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A miscarriage of justice is satisfied by a showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). Carter does not claim that cause exists for his procedural default, nor does he assert actual innocence. Because Carter may not now return to state court to exhaust these claims, the claims may be deemed exhausted but procedurally defaulted from habeas review. *See Ramirez v. Att'y Gen.*, 280 F.3d 87, 94 (2d Cir. 2001).

Despite Carter's failure to exhaust a number of his claims, this Court nonetheless may deny his claims on the merits and with prejudice. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). This is particularly true where the grounds raised are meritless. *See Rhines*, 544 U.S. at 277. Accordingly, this Court declines to dismiss the unexhausted claims solely on exhaustion grounds and will instead reach the merits of the claims as discussed below.

B.     *Merits*

   1. Claims regarding the jury instructions and repugnancy of the verdict (claims 1, 2, 3, and 5)

Carter argues that the counts of first-degree depraved assault and second-degree assault were inconsistent and therefore the jury charges should have been submitted in the alternative.

He further argues this claim was adequately preserved on state-law grounds, that counsel was ineffective for failing to object to the instructions and to object to the verdict, and that the error led to a repugnant verdict.

The court instructed the jury that "[a] person is guilty of assault in the first degree when under circumstances evincing a depraved indifference to human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious physical injury to another person." TDecember 12, 2013he court further charged the jury that the People were required to prove "three basic elements: One, that on or about May 17th in the County of Cayuga the defendant, Natsu Carter, caused serious injury to John Turner; two, that [Carter] did so by recklessly engaging in conduct which created a grave risk of death to John Turner; and three, that [Carter] engaged in such conduct under circumstances evincing a depraved indifference to human life."

Next, the court instructed the jury that "a person is guilty of assault in the second degree . . . , when with intent to cause serious physical injury to another person, he causes such injury to such person," and that the People must prove "beyond a reasonable doubt: One, that on May 17th in the County of Cayuga the defendant, Natsu Carter, caused serious physical injury to John Turner [and]; two, that the defendant did so with the intent of causing serious physical injury to John Turner."

Defense counsel did not request that these two jury instructions be given in the alternative or object to the verdict on the ground that it was repugnant.

The Appellate Division concluded that Carter's claims were unpreserved and declined to exercise discretionary review of those claims. The court alternatively held that Carter's claims

were without merit because Carter could have intended one result—serious physical injury to Turner—while also recklessly creating a grave risk that death could ensue from his actions. The court further rejected Carter's assertion that trial counsel was ineffective for failing to object to the instructions and the allegedly repugnant verdict, concluding that Carter failed to establish the absence of a strategic or other legitimate explanation for defense counsel's actions.

As Respondent notes, Carter's claims that the jury instructions should have been given in the alternative and that the verdict was repugnant are procedurally barred because the Appellate Division relied on an independent and adequate state ground to dismiss it. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). Where a state-court holding contains a plain statement that a claim is procedurally barred, the federal habeas court may not review it, even if, as here, the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (explaining that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision"); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). The New York procedural rule that a party must preserve an issue with a contemporaneous objection is recognized as an independent and adequate state law ground for dismissal. *Garvey v. Duncan*, 485 F.3d 709, 714-15 (2d Cir. 2007); *Garcia v. Lewis*, 188 F.3d 71, 79-82 (2d Cir. 1999).

To avoid a procedural bar, a petitioner must demonstrate either cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage

of justice, i.e., that he is actually innocent of the crime for which he has been convicted. *Coleman*, 501 U.S. at 749-50 (citing *Murray*, 477 U.S. at 495-96); *Dunham v. Travis*, 313 F.3d 724, 729 (2d Cir. 2002). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham*, 313 F.3d at 730 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal brackets omitted). Carter has not carried his burden. However, recognizing that Carter is proceeding *pro se* and that his pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), this Court nonetheless will address the merits of these claims.

In any event, Carter's claim is without merit. As discussed above, Carter brought this claim on state-law grounds, arguing that the counts were inconsistent and that under state law, the jury charges should have been submitted in the alternative. As an initial matter, "it is not the province of a federal habeas court to re-examine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68. Where an error in a jury instruction is alleged, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). The question is not whether the trial court gave a faulty instruction, but rather "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. at 147. The Second Circuit "has repeatedly held that in order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instruction to the jury on matters of state law, the petitioner must show not only that the

-11-

instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (citation, internal quotation marks and brackets omitted).

Here, the instructions did not misstate state law. Under New York law, where an indictment contains two inconsistent counts, the court must submit at least one thereof. N.Y. CRIM. PROC. LAW § 300.40(5). "If a verdict of guilty upon either would be supported by legally sufficient trial evidence, the court may submit both counts in the alternative . . . ." *Id.* Two counts are inconsistent "when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other." *Id.* at § 300.30(5). The New York Court of Appeals has held that a defendant may intend to cause serious physical injury to another person and at the same time recklessly create a grave risk that death will result from that conduct. *People v. Trappier*, 660 N.E.2d 1131, 1132-34. "A defendant could certainly intend one result—serious physical injury—while recklessly creating a grave risk that a different, more serious result—death—would ensue from his actions." *Id.* at 59. The charges were not inconsistent under state law, and accordingly there was no state instructional error or repugnancy of the verdict. Because the charges were not inconsistent, Carter's trial counsel cannot be ineffective for having failed to object to the instruction or verdict. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute prejudice under a Strickland ineffective assistance of counsel claim). Moreover, even if the convictions were inconsistent, "inconsistent jury verdicts are not a ground for federal habeas relief." *Estrada v. Senkowski*, No. 98-CIV-7796, 1999 WL 1051107, at *13 (S.D.N.Y. Nov. 19, 1999); *see Harris v. Rivera,* 454 U.S. 339, 345 (1981) ("Inconsistency in a verdict is not a

sufficient reason for setting it aside."); *Dunn v. United States*, 284 U.S. 390, 393 (1932) ("Consistency in the verdict is not necessary."). Carter is therefore not entitled to relief on these interrelated claims.

      2. Insufficiency of the evidence (claim 4)

Carter next argues that the evidence was not legally sufficient to support his depraved indifference assault conviction.

Citing, *inter alia*, *People v. Gray*, 652 N.E.2d 919, 921 (N.Y. 1995), the Appellate Division denied Carter relief, concluding that his argument was unpreserved because his generalized motion to dismiss at the close of the People's case did not preserve this issue for review, and that the claim was not properly before the court because he failed to renew his motion after the close of his proof. The court held that in any event, Carter's claim lacked merit because under New York law, "a single vicious beating . . . is legally sufficient to establish that the defendant's conduct evinced a depraved indifference to human life."

As Respondent argues, this claim is procedurally barred because the Appellate Division relied on an independent and adequate state ground to dismiss it. *See Coleman*, 501 U.S. at 729. In New York, an objection to the legal sufficiency of the evidence takes the form of a motion to dismiss, which must be specific and be made at the close of the People's case, a procedural rule with which Carter did not comply. *Baker v. Kirkpatrick*, 768 F. Supp. 2d 493, 499-500 (W.D.N.Y. 2011). Carter's insufficiency of the evidence claim is thus procedurally barred due to the Appellate Division's reliance on *People v. Gray*, 86 N.Y.2d at 19, as an "adequate and independent state ground" to dismiss the claim as unpreserved. *Baker*, 768 F. Supp. 2d at 500 (Appellate Division's reliance on *People v. Gray*, where petitioner failed to make a specific

motion to dismiss on grounds of legal insufficiency of the evidence at the close of the People's case, was an independent and adequate ground for procedural bar); *Anderson v. Griffen*, No. 11-cv-6633, 2012 WL 5227297, at *2 (W.D.N.Y. Oct. 22, 2012). Carter has not asserted cause or prejudice to avoid procedural bar.

In any event, Carter misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). This Court must therefore determine whether the Appellate Division unreasonably applied *Jackson*. In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19. Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must take its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. A fundamental principle of our federal system

is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).

Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction. *See Schlup*, 513 at 330. Under New York law, "a person is guilty of assault in the first degree when . . . [u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person." N.Y. PENAL LAW § 120.10(3). "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." *Id*. at 10.00(10). Here, there was testimony that as a result of the assault, Turner suffered an anoxic brain injury, and that he will suffer permanent impairment of his motor control and cognitive disabilities. As the Appellate Division noted, under New York law, "a single vicious beating" can be legally sufficient to establish that Carter's conduct evinced a depraved indifference to human life. *See People v. East*, 728 N.Y.S.2d 608, 284 A.D.2d 962, 962 (N.Y. App. Div. 2001). The evidence in the record does not compel the conclusion that no

rational trier of fact could have found proof that Carter was guilty of first-degree depraved indifference assault, especially considering the double deference owed under *Jackson* and the AEDPA. Accordingly, Carter is not entitled to relief on this claim.

### 3. Harsh and excessive sentence

Citing New York case law, Carter argues that his sentence was "harsh and excessive." The Appellate Division denied Carter relief on this claim.

Carter fails to assert a cognizable claim for federal habeas corpus relief. Carter makes no claim that his sentence violates the Constitution, laws, or treaties of the United States. *See Estelle*, 502 U.S. at 68. The Appellate Division's decision regarding whether to reduce his sentence as harsh and excessive is a matter of state law not reviewable by this Court. *See Estelle*, 502 U.S. at 67-68 ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, Carter is not entitled to relief on this claim.

C. *Timeliness of Carter's Petition*

Carter's Petition is untimely. The AEDPA imposes a one-year limitations period for petitions based on law existing at the time of the conviction, such as Carter's, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)). "Direct review" refers to review by both the state courts and the United States Supreme Court, so that a petitioner's conviction becomes final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires. *Id*. at 150-51.

The Court of Appeals affirmed the Appellate Division's order on November 16, 2006. Carter's conviction became final 90 days later, on February 14, 2007, when his time to seek a writ of certiorari expired. *See Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Carter thus had until February 14, 2008, to file his Petition with this Court. Carter's Petition is dated November 6, 2011, approximately three years and nine months after the filing period expired. The Petition was filed with the Western District of New York and was transferred to this District on January 25, 2012.

In *Holland v. Florida*, the Supreme Court held that 28 U.S.C. § 2254(d) is subject to equitable tolling "in appropriate cases." 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way" and prevented timely filing. *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 40, 418 (2005). The determination is made on a case-by-case basis. *Id*. at 2563. "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impending compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). The Second Circuit has recognized that "medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented." *Id*. However, "[i]t is not enough for a party to show that he experiences extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id*. In other words, the petitioner must demonstrate a causal relationship between the extraordinary circumstances and the lateness of his filing, "a demonstration that cannot be made if the

petitioner, acting with reasonable diligence, could have filed on time notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (citation omitted).

The essence of Carter's claim is that he has an IQ on the low end of average which prevented him from timely filing his Petition. The interplay between Carter's intelligence and acuity and his ability to litigate his claims has not been resolved by the fact finder. Were this case dependant on Carter's compliance with the statute of limitations, this Court would appoint counsel and further investigate the record. This Court would possibly hold an evidentiary hearing if appointed counsel could present issues of material fact which, if resolved in Carter's favor, would warrant relief. Nevertheless, looking only at the issues, Carter has not made any claims warranting federal habeas relief. This Court therefore declines to resolve whether Carter's condition was sufficient to warrant equitable tolling of the statute of limitations.

## IV. CONCLUSION

Carter is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); Second Circuit R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: December 13, 2013.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge